JILL P. TELFER, State Bar No. 145450
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:    (916) 446-1916
Facsimile:    (916) 446-1726
E-mail:    jtelfer@telferlaw.com

Attorneys for Plaintiff
KIMBERLY MOLLET

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MOLLET,<br><br>Plaintiff,<br><br>v.<br><br>DAVITA KIDNEY CARE, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br><br>**\*\*JURY TRIAL DEMANDED\*\*** |

COMES NOW PLAINTIFF, KIMBERLY MOLLET, who alleges as follows:

### PARTIES

1.  Plaintiff KIMBERLY MOLLET (hereinafter referred to as "Mollet" or "Plaintiff") was a former employee of Defendant DAVITA KIDNEY CARE (hereinafter referred to as "DaVita" or "Defendant") for over 27 years when she was terminated because of her age. At all times, Mollet worked at the Cameron Park facility and was an excellent employee.

2.  Defendant DaVita is a Fortune 500 corporation with over 10,000 employees organized and existing under laws of the State of Colorado and is at all times mentioned herein authorized to do business in the State of California. DaVita provides kidney dialysis services for patients suffering from chronic kidney failure. The company provides kidney dialysis centers and provides related lab services in outpatient dialysis centers.

1
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## JURISDICTION AND VENUE

3.  Jurisdiction is based on the diversity of the parties pursuant to 28 U.S.C. §1332(a) and 1441(b). This Court may invoke pendent jurisdiction over plaintiff's state law claims based on 28 U.S.C. §1367. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the territorial boundaries of this judicial district.

## GENERAL ALLEGATIONS

4.  Mollet worked for DaVita from 1993 until January 6, 2022, when she was terminated and replaced by a younger less qualified employee due to her age. At the time of her termination, Mollet was 61 years of age.

5.  Mollet was an exemplary employee for nearly 30 years and dedicated her life to her job. She received excellent evaluations and consistently was complimented on her abilities until approximately 2020 when Michael Herrick ("Herrick") was promoted to Regional Director.

6.  The performance evaluations of Mollet evidence that she excelled at her job. She was given high ratings throughout her career with comments such as she lives the core values of DaVita. In 2011 Mollet was promoted to Facility Administrator. In her reviews after her promotion, it is noted that "she is a shining example of service excellence." Mollet "brings the DaVita core values to life within her clinic and it shows with her TM retention and with the feel of the center" and "she leads with her head, heart and hands". In 2019 her performance evaluation gave her kudos for being the top home advocate by sending 15 patients home.

7.  In 2020 when Herrick became the Regional Director, he set Mollet up to fail, ostracized her, and downgraded her 2020 evaluation. He told her that she needed to be put on a performance improvement plan. However, the performance improvement plan was never put in place and the investigation into alleged complaints that Herrick solicited of her staff showed no wrongdoing on Mollet's behalf. Herrick took these actions against Mollett due to her age. He and the companies' Executives wanted to replace Mollett with a younger employee.

///

///

8. On January 6, 2022 after almost 29 years of service for DaVita, Mollet was terminated due to her age. Herrick told Mollett he wanted to meet with her but would be unable to drive to Cameron Park, so he asked Mollet to drive to Sacramento. She drove 45 minutes to his office and waited for half an hour outside the door while he was on the phone. After traveling the distance and then waiting for over a half an hour, Herrick terminated Mollet. It was done in a cruel and cold way ending her a 43 year career in the dialysis industry. Herrick presented Mollet with a severance agreement on behalf of Defendants because it knew its actions were discriminatory and the Executives wanted to try to insulate DaVita with a severance agreement.

9. Herrick treated Mollet adversely giving her a downgraded evaluation, minimalizing and marginalizing her work performance and soliciting complaints about her. He attempted to get her to quit under the adverse circumstances all due to her age. Human Resources and Executives were aware of this illegal behavior and failed to take any action. Instead, they ratified Herrick's illegal behavior.

10. The true names and capacities of the Defendants named herein as DOES 1 through 20, inclusive, whether individual, corporate, associate or otherwise, are unknown to Mollet who therefore sue such defendants by fictitious names. Mollet is informed and believes that the DOE defendants are responsible in some manner for occurrences herein alleged and that Plaintiff's injuries were proximately caused by the aforesaid defendants. Mollet will amend this complaint to show such true names and capacities when they have been determined.

11. Mollet is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant hereto the agent, employee or representative and/or joint venturer of the remaining defendants and was acting at least in part within the course and scope of such relationship. Mollet is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

12. Mollet alleges on information and belief that, at all times relevant herein, defendants, and each of them, have actively participated in the discrimination and retaliation against Plaintiff because of her age.

13. The managing agents for Defendant knew and/or should have known of the discrimination against Plaintiff. Despite having been informed of, or having reasonable knowledge of said unlawful activity, these managing agents have refused to take any action to abate it.

14. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent, and authorization of the remaining Defendants. Said acts, conduct and failures to act are within the scope of such agency and/or employment.

**Plaintiff's Exhaustion of Administrative Remedies**

15. Mollet filed a complaint with the Department of Fair Employment and Housing and received a right to sue on June 29, 2022.

**FIRST CAUSE OF ACTION**

**Cal. Gov't Code § 12940 et seq.**

**Discrimination Based on Age**

16. Mollet realleges and incorporates herein the allegations in paragraphs 1 through 15 as set forth above.

17. Defendant engaged in a course of disparate conduct against Mollet because of her age. Herrick created a hostile working environment for Mollet in an effort to get her to quit.

18. Defendant set Mollet up to fail, downgraded her evaluations, and ultimately terminated Mollet. Mollet's age was a substantial motivating factor in Defendant's adverse acts described above.

19. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in the amount according to proof at trial. As a further, direct, and proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress, without limitation in an amount to be determined according to proof at trial. Plaintiff has suffered from severe emotional distress in the form of nervousness, anxiety, worry, humiliation, and indignity.

20. As a proximate result of Defendant's actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof at trial.

21. As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

22. Defendant's willful and knowing discrimination of Plaintiff is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendant's willful, intentional, and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

WHEREFORE, Plaintiff prays for judgment as herein set forth.

## **SECOND CAUSE OF ACTION**

**Cal. Gov't Code § 12940(k)**

**Failure to Correct**

23. Mollet incorporates by reference paragraphs 1 through 22, inclusive of this complaint as if fully set forth.

24. At all times mentioned herein, Mollet was a conscientious employee who performed well at her job. Defendant discriminated against Mollet on the basis of her age. Human Resources and Executives knew of the discrimination and rather than take corrective action to protect Mollet, they ratified the discriminatory acts.

25. Said discrimination violated public policy and Government Code § 12940 et seq.

26. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all

to Plaintiff's damage in the amount according to proof at trial. As a further, direct, and proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress, without limitation in an amount to be determined according to proof at trial. Plaintiff has suffered from severe emotional distress in the form of nervousness, anxiety, worry, humiliation, and indignity.

27. As a proximate result of Defendant's actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof at trial.

28. As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

29. Defendant's willful and knowing discrimination of Plaintiff is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendant's willful, intentional, and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

///
///
///
///
///
///
///
///
///

WHEREFORE Plaintiff prays for judgment as alleged herein.

**PRAYER**

1. Award Plaintiff compensatory damages, according to proof, for lost wages, medical and psychiatric care expenses and pain and suffering;

2. Injunctive relief to require Defendants to cease its discriminatory acts based on age;

3. Punitive Damages;

4. Attorney's Fees;

5. Costs of suit;

6. For any other relief that the Court deems just and proper.

Dated: August 8, 2022         LAW OFFICES OF JILL P. TELFER

_____
JILL P. TELFER
Attorney for Plaintiff,
KIMBERLY MOLLET